

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **REENA RAUT,** <br><br> Petitioner, <br><br> v. <br><br> **LORETTA E. LYNCH, Attorney General,** <br><br> Respondent. | No.　14-71430 <br><br> Agency No. A089-673-165 <br><br> **MEMORANDUM**[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]
San Francisco, California

Before:　**KOZINSKI**, **BYBEE** and **N.R. SMITH**, Circuit Judges.

**1.**　Petitioner Reena Raut argues that the Immigration Judge (IJ) and the

Board of Immigration Appeals (BIA) improperly relied on the asylum officer's

notes in their adverse credibility determinations.  The officer took detailed notes

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and testified about the procedures he used to ensure that Raut understood his questions and that he accurately recorded the interview. The BIA reasonably concluded that the officer "was a reliable impeachment source." Li v. Ashcroft, 378 F.3d 959, 963 (9th Cir. 2004). Raut made inconsistent statements about her persecution. Her varied explanations were not persuasive. Thus, the agency's adverse credibility finding is supported by substantial evidence.

2.     A petitioner must satisfy the Lozada elements to make an ineffective assistance of counsel claim. See Tamang v. Holder, 598 F.3d 1083, 1089–90 (9th Cir. 2010); Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). Strict compliance with Lozada is not required when counsel's ineffectiveness is plain on the face of the record. Tamang, 598 F.3d at 1090. Raut argues that her counsel erred by not laying a foundation for her supporting documents. But Raut's counsel did ask some foundational questions, and all documents were admitted for the IJ's consideration. Thus, there was no plain error warranting a waiver of Lozada's procedural requirements.

**DENIED.**